

FILED CL
6/22/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
MARCO LURIGIO, )
    a/k/a Demetrio Cardone, and )
SANDY LURIGIO, )
    a/k/a Janette Chavez )

No. **1:21-cr-00387**

Violation: Title 18, United States Code,
Section 1344

Presiding Judge John F. Kness
Magistrate Judge Sunil R. Harjani

## COUNT ONE

The SPECIAL MAY 2021 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendants MARCO LURIGIO and SANDY LURIGIO recruited buyers to obtain mortgage loans to purchase properties on Chicago's South Side, and owned and controlled various companies incorporated in the State of Illinois, including S&G Technologies Inc., O.C. Management Group Inc., Riverview Financial Inc., and Toro Management, Inc.

    b. Maverick Funding Corp., PNC Bank, N.A., American Fidelity Mortgage Services, Inc., Primary Residential Mortgage, Inc., Nationstar Mortgage, LLC, and Prospect Mortgage, LLC were financial institutions, specifically mortgage lending businesses that financed or refinanced debt secured by an interest in real estate and whose activities affected interstate commerce.

    c. Mortgage lending businesses required applicants for mortgage loans, and applicants seeking to refinance mortgage loans, to provide truthful information,

including truthful information and truthful supporting documentation about the applicant's financial condition, employment, income, assets, source of down payment, and intention to occupy the property, which information was material to lenders' approval, terms, and funding of loans.

       d.     The United States Department of Housing and Urban Development, through the Federal Housing Administration, provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. Information about the borrower's financial condition, assets, employment, income, intention to occupy the property, and source of down payment was material to the Federal Housing Administration's decision to insure mortgage loans, including the information contained in HUD-1 settlement statements, loan applications, and other supporting documentation such as bank statements, gift letters, and pay stubs.

       2.     Beginning no later than in or about August 2011, and continuing until in or about March 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

       3.     It was part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused buyers to fraudulently obtain mortgage loans from financial institutions

in a total amount of at least $2.5 million by making and causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, bank statements, gift letters, pay stubs, IRS Forms 1099, and HUD-1 settlement statements, concerning, among other things, the buyers' employment, income, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

4.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO recruited and caused to be recruited individuals to serve as buyers to purchase properties, including properties in Chicago, Illinois located at: 5114 S. Wood Street, 7016 S. Hermitage Avenue, 7317 S. May Street, 5727 S. Morgan Street, 6123 S. Carpenter Street, 5652 S. Justine Street, 5041 S. Elizabeth Street, 315 W. 110th Street, 411 W. 115th Street, 6037 S. Marshfield Avenue, and 6914 S. Marshfield Avenue, knowing that the buyers would be fraudulently qualified for mortgage loans to purchase the properties.

5.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO prepared and submitted, and caused to be prepared and submitted, to financial institutions loan applications for buyers that defendants knew contained false and fraudulent information about the buyers' qualifications for mortgage loans, including false and fraudulent information about the buyers' income, employment, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

6.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO knowingly caused to be submitted to financial institutions fraudulent

documents that supported the false information contained in loan applications, including fraudulent pay stubs, gift letters, bank statements, and IRS Forms 1099.

7.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO created and caused to be created certain fictitious documents, including altered bank statements which fraudulently inflated the amount of money in the buyers' bank accounts, and fictitious pay stubs with false information about the buyers' employment and earnings, knowing that such documents would be submitted to financial institutions for buyers to obtain mortgage loans.

8.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO knowingly caused companies they controlled, including S&G Technologies, O.C. Management Group, and Riverview Financial, to be placed on loan applications as the employer for buyers, when defendants knew the buyers were not employed at those companies.

9.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO fraudulently verified, and caused to be fraudulently verified, to representatives of lenders that buyers were employed at their companies, when they knew that was untrue, so that the buyers would fraudulently qualify for mortgage loans.

10.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused to be prepared and submitted to financial institutions fraudulent gift letters that defendants knew falsely reflected that certain individuals who purportedly were related to or close friends with the buyers were providing the buyers with gifts to be applied toward the down payments on the properties, when defendants knew that those gift

letters were false and the down payments were not coming from relatives or close friends of the buyers.

11. It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused telephone numbers for buyers and gift providers to be falsely listed on various documents, including loan applications and gift letters, knowing that the telephone numbers did not belong to the buyers and gift providers, so that representatives of lenders could not contact the buyers or gift providers.

12. It was further part of the scheme that defendant SANDY LURIGIO purchased cashier's checks with buyers falsely listed as the remitters, knowing that these cashier's checks would be provided to title companies and falsely represented as having come from the buyers for their down payments.

13. It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused buyers to falsely state that they were going to live in the properties they were purchasing as their primary residence, when defendants knew that was untrue and that they were going to rent out the properties.

14. It was further part of the scheme that defendant MARCO LURIGIO, using the name Demetrio Cardone, obtained a mortgage loan to purchase a property located at 5652 S. Justine Street, knowing that he submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about his employment, income, assets, and intention to occupy the property as a primary residence.

15. It was further part of the scheme that defendant SANDY LURIGIO, using the name Janette Chavez, obtained a mortgage loan to purchase a property at 6123 S.

5

Carpenter Street, knowing that she submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about her employment, income, assets, and intention to occupy the property as a primary residence.

16. It was further part of the scheme that defendant SANDY LURIGIO, using the name Janette Chavez, refinanced her mortgage loan for the 6123 S. Carpenter Street property, knowing that she submitted and caused to be submitted false information in order to refinance the mortgage loan, including false information about her employment, income, assets, and intention to occupy the property as a primary residence.

17. It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused buyers to be fraudulently qualified for mortgage loans to purchase properties and often received proceeds from the sale of those properties through companies they controlled, including S&G Technologies, O.C. Management Group, Riverview Financial, and Toro Management.

18. It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO caused a fraudulent lien to be filed against a property at 5041 S. Elizabeth Street, which lien falsely stated that S&G Technologies was due $107,000 from the sale of the property for property management services, when defendants knew that was false and caused the lien to be filed so that they could obtain money from the sale of the property to a buyer they caused to be fraudulently qualified for a mortgage loan.

19. It was further part of the scheme that defendant SANDY LURIGIO paid buyers to purchase properties, knowing that those payments were not disclosed to the financial institutions funding the mortgage loans for the buyers.

20.     It was further part of the scheme that defendants MARCO LURIGIO and SANDY LURIGIO did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

21.     On or about October 19, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing PNC Mortgage, a division of PNC Bank, N.A., a financial institution, to fund a mortgage loan in the amount of approximately $199,803 for a buyer's purchase of 7016 S. Hermitage Avenue;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.      On or about November 2, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing American Fidelity Mortgage Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $243,662 for a buyer's purchase of 7317 S. May Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.      On or about March 2, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Primary Residential Mortgage, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $243,662 for defendant SANDY LURIGIO to purchase 6123 S. Carpenter Street using the name Janette Chavez;

In violation of Title 18, United States Code, Section 1344.

9

## **COUNT FOUR**

The SPECIAL MAY 2021 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.     On or about August 7, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing American Fidelity Mortgage Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $290,638 for defendant MARCO LURIGIO to purchase 5652 S. Justine Street using the name Demetrio Cardone;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL MAY 2021 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.     On or about August 22, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Nationstar Mortgage, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $230,743 for a buyer's purchase of 5041 S. Elizabeth Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.      On or about February 21, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Maverick Funding Corp., a financial institution, to fund a mortgage loan in the amount of approximately $90,931 for a buyer's purchase of 315 W. 110th Street;

In violation of Title 18, United States Code, Section 1344.

## **COUNT SEVEN**

The SPECIAL MAY 2021 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.     On or about October 17, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Prospect Mortgage, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $265,109 for a buyer's purchase of 6037 S. Marshfield Avenue;

In violation of Title 18, United States Code, Section 1344.

## COUNT EIGHT

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are incorporated here.

2.      On or about March 27, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCO LURIGIO, a/k/a Demetrio Cardone, and
SANDY LURIGIO, a/k/a Janette Chavez,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Nationstar Mortgage, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $273,911 for a buyer's purchase of 6914 S. Marshfield Avenue;

In violation of Title 18, United States Code, Section 1344.

14

## FORFEITURE ALLEGATION

The SPECIAL MAY 2021 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in this indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2.      The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $2,526,326.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

Signed by Matthew Madden on behalf of the
UNITED STATES ATTORNEY